AARON M. CLEFTON, Esq. (SBN 318680)
CLEFTON DISABILITY LAW
2601 Blanding Ave, Suite C #336
Alameda, CA 94501
Telephone: (510) 832-5001
info@cleftonlaw.com

Attorneys for Plaintiff
CHRISTINA COLE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA COLE,<br><br>       Plaintiff,<br><br>       v.<br><br>PROMETRIC LLC; STATE OF CALIFORNIA (CALIFORNIA BOARD OF ACCOUNTANCY); NATIONAL ASSOCIATION OF STATE BOARDS OF ACCOUNTANCY, INC.;100 CALIFORNIA STREET LLC;<br><br>       Defendants. | CASE NO. 3:26-cv-7822<br>Civil Rights<br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES:**<br><br>1. **Violation of Title II of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 *et seq.*)**<br>2. **Violation of Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 *et seq.*)**<br>3. **Violation of the California Unruh Act (Cal. Civil Code §§ 51 and 52)**<br>4. **Violation of the California Disabled Persons Act (Cal. Civil Code § 54 *et seq.*)**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff CHRISTINA COLE ("Plaintiff") complains of Defendants PROMETRIC LLC;

STATE OF CALIFORNIA (CALIFORNIA BOARD OF ACCOUNTANCY) (CBA);

NATIONAL ASSOCIATION OF STATE BOARDS OF ACCOUNTANCY, INC. (NASBA);

and 100 CALIFORNIA STREET LLC and alleges as follows:

## **INTRODUCTION**

1.      Plaintiff CHRISTINA COLE ("Plaintiff") brings this action against Defendants

PROMETRIC LLC,  CBA, and NASBA which together develops and administers the Uniform

CPA Examination in California (the "Exam") and against Defendant 100 CALIFORNIA

1

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

STREET LLC which is the entity which owns the property where Plaintiff attempted to take the first part of her Exam that contained several access barriers.  The Exam consists of four parts and once completed allow one to practice as a licensed CPA in California. Plaintiff brings the suit to ensure that she and persons with disabilities can take the CPA exam and receive their results on the same timeline as non-disabled test takers. Additionally, Plaintiff was denied her requested accommodation during her testing, a height adjustable desk to accommodate her disability, even though Defendant Prometric had nominally granted it. Defendant Prometric failed to actually provide her with a height adjustable desk that worked during her exam. Further, the physical space where Plaintiff took the examination which is owned and operated by Defendants Prometric and 100 California Street LLC had physical barriers which impeded Plaintiff's full and equal access to the area where the exam was being administered, including an accessible restroom.

2. The ADA requires that Defendants administer their exams so that test takers with disabilities are not delayed in being licensed to practice as CPAs simply because they seek testing accommodations.  Plaintiff also seeks injunctive relief to ensure that she and other disabled test takers actually receive the testing accommodations that they request *particularly if they are nominally granted by Defendants*. Plaintiff seeks only injunctive relief from the Title II Defendant CBA and seeks injunctive relief and damages from Title III Defendants NASBA, PROMETRIC LLC and 100 CALIFORNIA STREET LLC.  Given the short number of months between qualification to take the licensing exams, accommodation determinations, and results, the violations by Defendants in this case are all capable of repetition but can easily evade review. *Enyart v. Nat'l Conf. of Bar Examiners, Inc.*, 630 F.3d 1153, 1159 (9th Cir. 2011).  This means but for application of the "capable of repetition but evading review" doctrine, Defendants would be free to violate the ADA without test takers having recourse to prevent similar future harm.

3. Defendants Prometric LLC, CBA, and NASBA failed to ensure that Plaintiff's requested and approved accommodation was actually provided to her. Due to her disability, Plaintiff requires the use of a height-adjustable desk when working for an extended period of time. She uses a tilt-in-space wheelchair so that she can periodically reposition and tilt her wheelchair to redistribute pressure from her tailbone and spine, prevent dangerous drops in blood

2

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

pressure, reduce pain, and prevent her from becoming lightheaded or losing consciousness. The height adjustable desk allows her to remain working regardless of the tilt of her wheelchair. Plaintiff went to take the first part of her Uniform CPA exam on May 11, 2026, but Defendants did not inform Plaintiff in advance of the Exam that the height adjustable desk at the Prometric testing center was broken. Plaintiff only discovered that the desk was broken and could not in fact change its height after she had been working on the exam for almost two hours. Once she found out that the desk could not accommodate the tilt of her wheelchair, Plaintiff could not continue the exam for fear that her health and test results would be compromised. Plaintiff had no choice but to discontinue her exam. She also was denied an accessible route and door to the restroom that caused her to be trapped in it.

4.     Defendants' failure to accommodate Plaintiff negatively impact her ability to increase her hourly rate significantly as a licensed CPA by precluding her from finishing the exam, and caused her difficulty, discomfort and embarrassment while taking it.  Plaintiff therefore alleges that Defendants have violated of the Titles II and III of the Americans with Disabilities Act, 42 U.S.C. sections 1201, *et seq.* and California's Unruh Act, Cal. Civ. Code section 51, *et seq*.

5.     In addition to experiencing discrimination during the Exam, Plaintiff also encountered barriers physical barriers to access in the at the testing site located at 100 California Street, Suite 105, San Francisco, California, which the current owner and operators of the physical space, Defendants Prometric LLC and 100 California Street LLC must remedy so that she can have full and equal access to their public accommodation. Specifically, Plaintiff had difficulty with the weight of the doors entering the testing suite and the restroom. She also was unable to use and access the sink in the restroom due to insufficient reach ranges.

6.     Plaintiff seeks declaratory and injunctive relief to compel Defendants to allow CPA candidates to apply for testing accommodations before they are approved for the exam so that they can take the exam on the same time schedule as those candidates who do not need testing accommodations.  Additionally, Plaintiff seeks declaratory and injunctive relief to compel Defendants to provide the reasonable accommodations she requested and was approved for while

3

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

taking the Uniform CPA Exam and to remedy the barrier to access that exist at the testing site.

7.      This discrimination on the basis of disability by Defendants has caused Plaintiff great embarrassment, difficulty and financial hardship including delaying her ability to obtain her license to practice as a CPA. The denial of Plaintiff's needed accommodations caused her and continues to cause her delay in obtaining her license to practice as a CPA. The delay in obtaining her license severely curtailed her earning capacity for five months.

### JURISDICTION AND VENUE

8.      This Court has jurisdiction of this action pursuant to 28 USC § 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC §§ 12101 *et seq*.  Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of California Civil Code §§ 51 and.

9.      Venue is proper in this court pursuant to 28 USC § 1391(b) and is founded on the fact that the denial of accommodations which is the subject of this action occurred in this district and that Plaintiff's causes of action arose in this district.

10.      This case should be assigned to the San Francisco intradistrict as the testing facility which is closest to Plaintiff's home is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

### PARTIES

11.      Plaintiff is an individual with multiple, severe, and permanent disabilities that substantially limit several major life activities, including walking, standing, eating, lifting, maintaining balance, and regulating her cardiovascular and neurological functions. In 2008, Plaintiff was diagnosed with Chiari malformation, a structural defect affecting the area where the brain and spinal cord meet, which required two decompression surgeries, including the removal of a portion of her skull and a portion of her cervical spine. Plaintiff also has hypermobile Ehlers-Danlos syndrome, autonomic dysfunction that causes episodes of dangerously low blood pressure and elevated heart rate, Dyskeratosis Congenita resulting from a genetic RTEL1 mutation associated with short telomeres, a history of bone marrow failure, partial absence seizures, chronic nausea, severe fatigue, and significant swallowing impairments requiring the use of a

4

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

nasogastric feeding tube for nutrition and frequent intravenous hydration.

12.    Plaintiff primarily uses a tilt-in-space wheelchair for mobility because she cannot stand for more than twenty to thirty seconds without experiencing profound weakness, dizziness, and an increased risk of losing consciousness. Remaining in an upright position for prolonged periods exacerbates her symptoms, causes pressure-related pain in her spine and pelvis, and significantly increases her fatigue. While working or studying, Plaintiff requires the use of a height-adjustable desk to allow her to frequently change positions throughout the day, including raising or lowering her work surface to accommodate her wheelchair positioning (i.e. tilt) and her need to redistribute pressure away from her spine and lower body. A standard fixed-height desk forces Plaintiff into sustained postures that aggravate muscle tightness, pain, circulatory instability, and fatigue, and increases her risk of syncope due to autonomic dysfunction. A height-adjustable desk is therefore medically necessary because it enables Plaintiff to safely perform work-related tasks while minimizing pressure on her spine, maintaining appropriate body positioning, reducing physical strain, and accommodating the functional limitations caused by her complex and progressive disabilities. Plaintiff is a qualified person with a disability as defined under federal and state law. 42 U.S.C. § 12102, 29 U.S.C. § 705(9)(B), and California Government Code § 12926(1). She is substantially limited in her several major life activities including but not limited to concentrating, reading, working, thinking, learning, and test taking.

13.    Defendant STATE OF CALIFORNIA (CALIFORNIA BOARD OF ACCOUNTANCY) (CBA) is a California state regulatory agency responsible for the licensing, examination, and enforcement of professional standards for CPAs. One of the criteria for gaining a license to be a CPA is passing the Uniform CPA exam which the CBA administers and scores. The CBA also receives CPA candidate requests for accommodation of disabilities.

14.    Defendant NATIONAL ASSOCIATION OF STATE BOARDS OF ACCOUNTANCY, INC. oversees all the State Boards of Accountancy in the United States, including some of the protocols and services for the Uniform CPA exam.

15.    Defendant PROMETRIC LLC is a large corporation which, among other things, provides computer-based testing services for Uniform CPA exam in California.  Prometric

5

contracts with the CBA and NASBA to and administer the Uniform CPA exam, undertake review of individual requests for accommodations on the Uniform CPA exam, and to ensure that any granted accommodations are provided to disabled candidates during the test. Defendant Prometric LLC is also the operator of the testing center located at 100 California Street, San Francisco, CA 94111 where Plaintiff attempted to take the first part of her Uniform CPA examination and which is the closest and most convenient Prometric testing location for Plaintiff.

16.     Defendant 100 CALIFORNIA STREET LLC is the owner of the office building located at 100 California Street, San Francisco, CA  94111 where Plaintiff attempted to take the first part of her Uniform CPA examination and which is the closest and most convenient Prometric testing location for Plaintiff.

17.     Plaintiff is informed and believes that each of the Defendants herein is the agent, employee or representative of each of the other Defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damages complained of herein.

18.     The testing facilities for the Uniform CPA exam that are made available by Defendants are places of "public accommodation" and a "business establishment" subject to the requirements *inter alia* of multiple categories of 42 U.S.C. section 12181(7) of the Americans with Disabilities Act of 1990, of California Civil Code sections 51 *et seq.*, and of California Civil Code sections 54 *et seq*.

## GOVERNMENT CLAIM

19.     Plaintiff is not submitting a government claim for damages against Defendant CBA and is not claiming state law damages against the State of California. Plaintiff, however, does seek injunctive relief against the CBA, and is seeking damages from the other Defendants.

## FACTUAL STATEMENT

20.     Plaintiff recently completed graduate school in December 2025 and began the process of becoming a licensed Certified Public Accountant ("CPA"). To obtain her CPA license, Plaintiff is required to complete the four sections of the Uniform CPA Examination. Before she

6

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

could register for the examination, Plaintiff was required to wait for her university to finalize and release her transcripts. Plaintiff then completed the standard application process through the California Board of Accountancy ("CBA"), which administers CPA examinations in California.

21. Unlike her nondisabled classmates, Plaintiff was required to complete an additional and burdensome accommodation process before she could schedule her examination. While many of Plaintiff's classmates were able to schedule their examinations within approximately two weeks after grades were released in February 2026, Plaintiff was unable to take her examination until April 2026 (at the earliest) because of the accommodation approval and scheduling requirements for test takers who require accommodations.

22. Plaintiff elected to take the Financial Accounting and Reporting ("FAR") section of the Exam first.

23. Plaintiff requires the use of a height-adjustable desk because she uses a tilt-in-space wheelchair. Plaintiff's wheelchair must periodically be repositioned and tilted to redistribute pressure from her tailbone and spine, prevent dangerous drops in blood pressure, reduce pain, and prevent her from becoming lightheaded or losing consciousness. Without the ability to adjust her wheelchair position underneath an appropriately adjustable desk, Plaintiff cannot safely remain seated for extended periods.

24. On or about February 3, 2026, Plaintiff applied to take the Exam and initiated the accommodation process. Plaintiff was required to complete additional forms, obtain documentation from her physician, and submit separate paperwork beyond the standard examination application requirements. She requested that she be provided with a height adjustable desk during her examination.

25. The accommodation process was confusing, time-consuming, and significantly delayed Plaintiff's ability to sit for her examination. On February 23, 2026, Plaintiff's accommodation request was approved. Plaintiff requested only one accommodation: a height-adjustable desk. However, Plaintiff was also assigned to take her examination in a separate room, an accommodation she neither requested nor desired. Defendants did not provide her with the most integrated setting possible for her to take the exam like and with other non-disabled

7

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

students. Plaintiff was informed that she had to accept placement in a separate room because that was the only location where the height-adjustable desk was available. Plaintiff we unwillingly segregated to a glorified closet.

26.    Despite receiving her notice that she could schedule her exam and approval of her accommodations in late February, Plaintiff was unable to schedule her exam immediately like her non-disabled colleagues. Solely because she requested an accommodation, Plaintiff could not schedule her examination online like nondisabled applicants. Instead, Plaintiff was required to call Prometric directly to schedule her examination appointment. Plaintiff was also required to provide *at least thirty days' notice* before scheduling an accommodated examination appointment, creating additional delays that nondisabled applicants did not encounter. This blanket policy did not include any individualized assessment of Plaintiff's particular needs or requested accommodation.

27.    Initially, Plaintiff scheduled her exam on April 6, 2026, the earliest day should could take the exam due to her need for accommodation, even though it had been approved on February 23, 2026. However, she subsequently had to reschedule the exam due to a conflict with a medical appointment. This rescheduling then required her to again rescheduled her exam at least 30 days from early April 2026 when she rescheduled due to her accommodation request, even though it had already been approved on February 23, 2026. Plaintiff scheduled her exam on May 11, 2026.

28.    On May 11, 2026, Plaintiff took an unpaid day off work during a busy work time in order to sit for the FAR examination. As a result, Plaintiff lost approximately $400 in wages. She went at the Prometric testing center located at 100 California Street #105, San Francisco, California 94111 to take her exam.

29.    Construction was occurring near the building, but Plaintiff eventually was permitted access to the ramp leading to the entrance. Plaintiff then encountered multiple accessibility barriers throughout the testing center. Due to her disability and limited forward reach, Plaintiff could not operate the doors independently, so her boyfriend, who drove her to the testing center, had to open them for her.

8

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

30.    After arriving at the testing suite, Plaintiff checked in for the exam, and she was assigned a storage locker. The locker assigned to Plaintiff was positioned above her head, requiring her to reach overhead despite lower lockers being available. Plaintiff struggled to access the locker because of its placement and excessive height. She had difficulty seeing in the locker.

31.    Plaintiff was then directed to a screening area where employees reviewed her identification, photographed her, inspected her medications and water bottle, and conducted a security screening. Employees then escorted Plaintiff to the separate testing room described above and closed the door behind her.

32.    The separate room was substandard compared to non-disabled test taking rooms. It was isolated and segregated from the primary testing area. It resembled a storage closet and was roughly the size of one. The room was not quieter or more conducive to testing than the main testing center, as it was equally noisy in both areas. In fact, it was worse.  Unlike in the main exam room, Plaintiff could hear employees checking on other examinees, hear staff conversations, and observe employees working through windows in the room. The environment was distracting. It left Plaintiff believing that only one examinee with a disability could take an accommodated examination at one time, and that her test taking experience was an afterthought.

33.    Plaintiff entered her testing information and began taking the FAR examination. Approximately two hours into the examination, Plaintiff began experiencing increasing tailbone pain and lightheadedness. Plaintiff needed to adjust and tilt her wheelchair to relieve pressure and stabilize her blood pressure. At that point, Plaintiff discovered that the height-adjustable desk provided as her approved accommodation was broken. The desk utilized a hand crank mechanism that required grasping and pinching to operate, in violation of the ADA. Although the crank moved easily, it did not adjust the desk because the mechanism was broken.

34.    Plaintiff immediately exited the room and informed Prometric employees that she needed assistance adjusting the desk. An employee responded by stating, in substance, that the desk was broken and had been for some time. Plaintiff informed the employees that she could not continue taking the examination without her approved accommodation. Plaintiff requested written assurance that she would not be required to pay another examination fee due to Prometric's failure

9

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

to provide her approved accommodation and to document what had occurred.

35.    Plaintiff then waited approximately forty minutes while employees attempted to determine how to address the situation. During this time, Plaintiff remained in pain and became increasingly emotionally distressed. She felt embarrassed because other examinees and members of the public could observe her waiting while employees discussed the failed accommodation. Eventually, Prometric employees provided Plaintiff with paperwork that included a phone number to call and a claim number.

36.    While Plaintiff was waiting for Prometric staff were completing the paperwork, Plaintiff had the need to use the restroom. Unfortunately, she encountered additional accessibility barriers on her way to and in the restroom. One restroom's accessible stall was out of service. In another restroom, the door was extremely heavy, and the sink was not mounted at an accessible height causing Plaintiff difficulty in reaching it. Plaintiff then became trapped while attempting to exit the restroom due to excessive heaviness of the doors. Another test taker had to assist Plaintiff in opening doors to access the restroom, or she would have been unable to enter and exit the restroom.

37.    One May 11, 2026, on the same day of the exam, Plaintiff immediately reported the incident to the California Board of Accountancy. Plaintiff explained that Prometric employees had informed her there had been a "miscommunication" regarding her need for the adjustable desk despite the accommodation being clearly listed on her Notice to Schedule. Plaintiff further explained that she could not safely reattempt the FAR examination until Prometric repaired or replaced the accessible desk.

38.    Plaintiff called the phone number provided to her by Prometric employees. However, the phone number was for an offshore customer service center, the same one used for fielding requests for accommodation. The customer service representatives could not answer questions about the San Francisco testing center or tell Plaintiff when the desk would be repaired. Plaintiff was repeatedly referred between various entities, each pointing responsibility at another organization.

39.    Eventually, Plaintiff was informed that Prometric would notify her when the

10

height-adjustable desk had been repaired or replaced so she could reschedule her examination. Plaintiff was also informed that she would be able to retake the examination without paying another examination fee.

40.     On May 14, 2026, Plaintiff was informed that Prometric was working with the San Francisco testing center to repair or replace the accessible desk and that Prometric would contact her directly to schedule a new examination appointment. Despite these assurances, Prometric has never notified Plaintiff that the desk has been repaired or replaced as of the filing of this Complaint.

41.     Plaintiff continues studying and preparing for the FAR examination. However, Plaintiff now experiences anxiety and uncertainty about returning to the testing center because she fears she will again arrive only to discover that her approved accommodation is unavailable. The May 11, 2026 incident left Plaintiff emotionally drained, embarrassed, and frustrated after she had devoted substantial time and effort preparing for an examination she was ultimately unable to complete because Prometric failed to provide her approved accommodation.

42.     This practice by Defendants runs afoul of the ADA in multiple respects. Department of Justice ("DOJ") guidance on complying with the ADA clearly states that "Testing entities must offer examinations to individuals with disabilities in as timely a manner as offered to others." *See* https://www.ada.gov/regs2014/testing_accommodations.html, at Footnote 6.

43.     Further, DOJ states:

Testing entities should ensure that their process for reviewing and approving testing accommodations responds in time for applicants to register and prepare for the test. In addition, the process should provide applicants with a reasonable opportunity to respond to any requests for additional information from the testing entity, ***and still be able to take the test in the same testing cycle.*** Failure by a testing entity to act in a timely manner, coupled with seeking unnecessary documentation, could result in such an extended delay that it constitutes a denial of equal opportunity or equal treatment in an examination setting for persons with disabilities.

https://www.ada.gov/regs2014/testing_accommodations.html. (emphasis added). Defendants' process for requesting and granting accommodations fails to comply the DOJ guidance because they require disabled persons to request accommodations *after* they have been approved to take their examination which delays their ability to take the examination as compared to non-disabled

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

candidates. Disabled persons are delayed by at least weeks if not months in their ability to sign up for and take the Uniform CPA Exam as compared to CPA candidates who do not need accommodations who can take the test immediately upon approval. Defendants should have a process for disabled testing candidates to request testing accommodations prior to receiving their approval to take the test, so that they can sign up for the exam on the same timeline as other test takers.

44.     Defendants have failed to provide an accessible height adjustable desk, compliant weight doors throughout the testing suite, and an accessible sink in the restroom. To the extent that Defendants could not make the facility fully accessible because to do so was not readily achievable, they failed to make the restroom as accessible as possible for disabled persons. Plaintiff estimates as a layperson on information and belief that the costs of improving access in the restroom can range between $500 - $2,000 per item for remedying each individual element to make the premises and restroom more accessible to the maximum extent feasible. For example, adjusting door pressure or adding automatic door openers on noncompliant doors could cost between $100 to $3,000 per door. Installing an accessible sink in the restroom might cost $500-$600. Buying a new height electric adjustable desk with accessible buttons for lowering and raising the desk instead of a grip handle would likely cost less than $200. https://www.amazon.com/Home-Office-Desks/b/ref=dp_bc_4?ie=UTF8&node=3733671. Each of these are easy to do and do not cost very much to accomplish, and the benefit to disabled persons and Plaintiff is the ability to use the restroom which allows them to use the premises at all. Each of these are easy to do and do not cost very much to accomplish, and the benefit to disabled persons and Plaintiff is the ability to use the restroom which allows them to use the premises at all.

45.     The above referenced barriers to access are listed without prejudice to Plaintiff citing additional barriers to access by an amended complaint after inspection by Plaintiff's access consultant. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011); *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F.3d 939 (9th Cir. 2011). All of these barriers to access render the premises inaccessible to physically disabled

12

persons who are mobility impaired, such as Plaintiff, and are barriers Plaintiff may encounter when she returns to the premises.  All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

46.     Further, each and every violation of the Americans with Disabilities Act of 1990 also constitutes a separate and distinct violation of California Civil Code section 54(c) and 54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code sections 54.3 and 55.

**FIRST CAUSE OF ACTION:**
**VIOLATION OF TITLE II, PART A OF THE AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12101, *et seq*.**
*(Against <u>only</u> Defendant State of California (California Board of Accountancy))*

47.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 46, above, and incorporates them herein by reference as if separately re-pleaded.

48.     In 1990 Congress passed the Americans with Disabilities Act after finding that laws were needed to more fully protect "some 43 million Americans with one or more physical or mental disabilities; that historically society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals"; and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous."  42 U.S.C. § 12101(a).

49.     Plaintiff is a qualified individual with a disability within meaning of 42 U.S.C. sections 12102(2) and 12132.

50.     As a public entity, Defendant CBA is governed by Title II of the ADA which provides that individuals with disabilities may not be "excluded from participation in or be denied the benefits of the services, programs or activities of a public entity," nor may they be subjected

13

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

to discrimination by any such entity." 42 U.S.C. § 12132.

51.    At all times herein mentioned, Plaintiff was entitled to the protections of the "Public Services" provisions of Title II of the ADA, Subpart A, which prohibits discrimination by any public entity as defined by 42 USC section 12131.  Pursuant to 42 USC 12132, section 12132 of Title II, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the "services, programs or activities" of a public entity, or be "subjected to discrimination by such entity."  Plaintiff was at all times relevant herein a qualified individual with a disability for all purposes under the ADA.

52.    "A public entity may not administer a licensing or certification program in a manner that subjects qualified individuals with disabilities to discrimination on the basis of disability" and "shall not impose or apply eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any service, program, or activity, unless such criteria can be shown to be necessary for the provision of the service, program or activity being offered." 28 C.F.R. § 35.130(b)(6), (b)(8).

53.    The obligation to ensure disability nondiscrimination includes an obligation to provide necessary reasonable modifications.  28 C.F.R. § 35.130(b)(7).

54.    Plaintiff is a qualified individual who is entitled to a fair, full, and equal basis in the administration of the Uniform CPA exam, on the same schedule as all other candidates and with her necessary testing accommodations.

55.    Allowing Plaintiff, and other similarly situated disabled persons to apply for testing accommodations prior to being approved to take the examination and to take the Uniform CPA exam with her required testing accommodations would not impose a fundamental alteration but would even the playing field and allow Plaintiff's aptitude and abilities to be fairly and accurately measured to her nondisabled peers. The request is modest: allow test-takers with disabilities to apply for testing accommodations in advance of when they are able to schedule the exam.

56.    In violation of Title II of the ADA, Defendant CBA has failed to ensure that individuals with disabilities such as Plaintiff are not excluded from "services, programs and

14

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

activities" such as the provision of testing accommodations on the Uniform CPA exam. Defendant CBA has denied Plaintiff the opportunity to take the Uniform CPA exam on an equal basis with nondisabled test takers.

57.    As a proximate result of the unlawful acts described herein, Plaintiff suffered and continues to suffer injury.

58.    Defendant CBA's unlawful actions were and are intentional, willful, malicious and/or done with reckless disregard to Plaintiff's right to be free from discrimination.

59.    As a result of such intentional discrimination, in violation of section 12132 of the ADA, Plaintiff is entitled to the remedies, procedures and rights set forth in section 505 of the Rehabilitation Act of 1973 (29 USC 794a), as provided by section 12133 of the ADA.

60.    Plaintiff requests that an injunction be ordered requiring that Defendant CBA to change its procedure for requesting testing accommodations so that disabled Uniform CPA exam candidates can complete their exams on the same schedule as nondisabled candidates.

61.    **DAMAGES:**  Plaintiff is specifically not requesting damages against the CBA or State of California.

62.    Defendant CBA had a statutory duty to ensure that its programs are readily accessible to persons with disabilities who require accommodations on licensing examination such as Plaintiff. 29 C.F.R. § 35.130(b)(7); *Barden v. City of Sacramento*, 292 F.3d 1073, 1077 (9th Cir.2002).  Defendant CBA did not ensure that Plaintiff's testing accommodations on the Uniform CPA exam were properly in place on the date of her exam.  Additionally, Defendant CBA administers the Uniform CPA exam in such a way that delays disabled CPA candidates who require testing accommodations from taking the examinations as compared to candidates who do not require testing accommodations.

WHEREFORE, Plaintiff prays for relief as hereinafter stated.

//

//

//

15

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**SECOND CAUSE OF ACTION:**
**VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
***42 USC §§ 12101 et seq.***
*(Against Defendant National Association of State Boards of Accountancy, INC.; Prometric LLC; 100 California Street LLC)*

63.     Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 62 of this Complaint and incorporate them herein as if separately re-pleaded.

<u>Architectural Barriers</u>

*(Against Prometric LLC and 100 California Street LLC)*

64.     In 1990 the United States Congress made findings that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..." 42 U.S.C. §12101.

65.     Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990.

66.     In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

16

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 USC § 12101(b).

67.   As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*).  The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which include but are not limited to any "place of education." 42 USC § 12181(7)(J).

68.   The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182.  The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges,

17

advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

69.    The removal of each of the physical barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of sections 12181 and 12182 of the ADA.  As noted hereinabove, removal of each and every one of the architectural and/or policy barriers complained of herein were already required under California law.  Further, on information and belief, alterations, structural repairs or additions since January 26, 1993, have also independently triggered requirements for removal of barriers to access for disabled persons per section 12183 of the ADA.  In the event that removal of any barrier is found to be "not readily achievable," Defendants still violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were "readily achievable."  In this case, for example, Defendants could provide a more accessible restroom by adjusting the door pressure or adding an automatic door opener and providing an accessible sink.

70.    The ability to use the restroom is a fundamental necessity of accessing and patronizing a test center. Therefore, the benefits of creating an accessible restroom and providing a height adjustable desk do not exceed the cost of readily achievable barrier removal. These costs are fundamental to doing business, like any other essential function of operating a testing center, such as the costs of ensuring fire safety.  It is thus readily achievable to remove these barriers.

71.    On information and belief, as of the dates of Plaintiff's encounters at the premises and as of the filing of this Complaint, Defendants' actions, policies, and physical premises have denied and continue to deny full and equal access to Plaintiff and to other mobility disabled persons in other respects, which violate Plaintiff's right to full and equal access and which discriminate against Plaintiff on the basis of her disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

18

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

72. Defendants' actions continue to deny Plaintiff's rights to full and equal access by deterring Plaintiff from returning to the test center to take the Uniform CPA Exam and discriminated and continue to discriminate against her on the basis of her disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of Defendants' goods, services, facilities, privileges, advantages and accommodations, in violation of section 12182 of the ADA. 42 U.S.C. § 12182. Plaintiff will to return to take her exam at the Prometric Testing Center once barriers to access have been removed.

73. Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.,* Plaintiff CHRISTINA COLE entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of her disabilities in violation of sections 12182 and 12183 of this title. On information and belief, Defendants have continued to violate the law and deny the rights of Plaintiff and other disabled persons to "full and equal" access to this public accommodation since on or before Plaintiff's encounters. Pursuant to section 12188(a)(2)

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title. Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title.

74. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff CHRISTINA COLE is a qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing she will be subjected to such discrimination each time that she may use the property and premises, or attempt to patronize the Prometric Test Center, in light of Defendants' policies and physical premises barriers.

Testing Accommodations

75. As a public accommodation which administers professional licensing

19

examinations including the Uniform CPA Exam, NASBA and Prometric are obligated to adhere to Title III of the ADA, which prohibits discrimination against individuals "on the basis of disability in the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation."  42 U.S.C. § 12182(a).

76.     Title III specifies that unlawful discrimination includes, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations." 42 U.S.C. § 12182(b)(2)(A)(ii).

77.     Title III further requires "any person that offers examination or courses related to applications, licensing, certification, or credentialing, for secondary or post-secondary education, professional, or trade purposes" to "offer such examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals."  42 U.S.C. § 12189.

78.     To ensure that "the key gateways to education and employment are open to individuals with disabilities" examinations like the Uniform CPA exam must be administered to an individual with a disability so that "the examination results accurately reflect the individual's aptitude or achievement level or whatever other factor the examination purports to measure, rather than reflecting the individual's impaired sensory, manual, or speaking skills." 26 C.F.R. part 36 app. B; 28 C.F.R. § 36.309(b)(1)(i).

79.     "The examination is administered in facilities that are accessible to individuals with disabilities or alternative accessible arrangements are made." 28 C.F.R. § 36.309(b)(1)(iii).

80.     Plaintiff requires the accommodation of an adjustable height desk that she requested on the Uniform CPA examination.  Without this accommodations, she is unable to sit at a desk in her wheelchair for the duration of the exam, and her results on the examination would not accurately reflect what the examination purports to.

81.     Plaintiff is a qualified individual with a disability as defined in the Rehabilitation

20

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Act and in the Americans with Disabilities Act of 1990.

82.    Granting Plaintiff's testing accommodations and modifying the timeline for granting testing accommodations so that disabled CPA candidates who require testing accommodations can take the Uniform CPA exam on the same schedule as other test takers would not impose a fundamental alteration but would even the playing field and allow Plaintiff's aptitudes and abilities to be fairly and accurately measured equally to their nondisabled peers.

83.    In violation of Plaintiff's right to be free from disability-based discrimination, Defendants have adopted a policy of delaying disabled test takers from scheduling their exams.

84.    Defendants' conduct constitutes an ongoing and continuous violation of Title III of the ADA and its supporting regulations.  Unless restrained from doing so, Defendants will continue to violate the ADA.  Unless enjoined, Defendants' conduct will continue to inflict injuries for which Plaintiff has no adequate remedy at law.

85.    Unless the requested relief is granted, Plaintiff will suffer irreparable harm in that she will continue to be discriminated in the access to the Uniform CPA Exam and to the CPA profession, causing delay to her career as a CPA with difficult to measure consequences.   The ADA authorizes injunctive relief as appropriate to remedy acts of discrimination against persons with disabilities.  42 U.S.C. § 12188(a)(1).

86.    Plaintiff is entitled to injunctive relief, as well as reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff requests relief as outlined below.

**THIRD CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED**
**BY CIVIL CODE SECTION 51(f)**
**(*Defendant National Association of State Boards of Accountancy, INC.; Prometric LLC; 100 California Street LLC*)**

87.    Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 86 of this Complaint and incorporate them herein as if separately re-pleaded.

21

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

88.     At all times relevant to this complaint, California Civil Code § 51 has provided that disabled persons are free and equal citizens of the state, regardless of medical condition or disability:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Civil Code § 51(b).

89.     California Civil Code section 52 provides that the discrimination by Defendants against Plaintiff on the basis of her disability constitutes a violation of the general anti-discrimination provisions of sections 51 and 52.

90.     Each of Defendants' discriminatory acts or omissions constitutes a separate and distinct violation of California Civil Code section 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

91.     Further, any violation of the Americans with Disabilities Act of 1990 (as pleaded in the First and Second Causes of Action) constitutes a violation of California Civil Code § 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including Civil Code § 52.  Per Civil Code § 51(f), "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

92.     The actions and omissions of Defendants as herein alleged constitute a denial of access to and use of the described public facilities by physically disabled persons within the meaning of California Civil Code sections 51 and 52.  As a proximate result of Defendants' action and omissions, Defendants have discriminated against Plaintiff in violation of Civil Code sections 51 and 52, and are responsible for statutory, and compensatory damages to Plaintiff, according to proof.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

93.    Plaintiff is a person with disabilities under California Civil Code Section 51, *et seq.*

94.    California Civil Code § 52 provides that the discrimination by Defendants against Plaintiff on the basis of her disability constitutes a violation of the general anti-discrimination provisions of §§ 51 and 52.

95.    Defendants are business establishments as that term is used in California Civil Code § 51(b), and the administration, development, dissemination, and control of licensing exam is an accommodation, advantage, facility, privilege, and service.

96.    Defendants have and continue to violate the Unruh Civil Rights Act by denying Plaintiff full and equal access to the Uniform CPA Exams.

97.    As a proximate result of the unlawful acts described herein, Plaintiff has suffered and continues to suffer injury.

98.    Defendants' unlawful actions were and are intentional, willful, malicious and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on her disabilities.

99.    Plaintiff is entitled to injunctive and declaratory relief, including emergency relief, compensatory damages, and attorneys' fees and costs.

100.    **FEES AND COSTS:**  As a result of Defendants' acts, omissions and conduct, Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by statute in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the provisions of California Civil Code §§ 51 and 52.  Additionally, Plaintiff's lawsuit is intended to require that Defendants make their policies accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure § 1021.5 and other applicable law.

WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

23

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**FOURTH CAUSE OF ACTION:**
**DAMAGES AND INJUNCTIVE RELIEF**
**FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES  IN A**
**PUBLIC ACCOMMODATION**
**(California Health & Safety Code §§ 19955 *et seq*; Civil Code §§ 54 *et seq.*)**
**(*Against Defendants Prometric LLC; 100 California Street LLC*)**

101.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 100, above, and incorporates them herein by reference as if separately re-pleaded.

102.    Plaintiff CHRISTINA COLE and other similarly situated physically disabled persons, including those who require the use of an assistive device for mobility, are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code sections 19953 -19959.  Plaintiff is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code sections 19953 *et seq.*  Further, Plaintiff is also protected against policy and architectural barrier discrimination by California Civil Code sections 54 and 54.1, the "Disabled Persons Act." "Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places."  Civil Code § 54(a).  Furthermore, "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, . . . places of public accommodation, amusement, or resort, and other places to which the general public is invited."  Civil Code § 54.1(a).  Additionally, any violation of the ADA, including but not limited to any violation of 42 USC sections 12182 and 12183, is also incorporated as a violation of the Disabled Persons Act.  Civil Code §§ 54(c), and 54.1(d).

103.    Title 24, California Code of Regulations, formerly known as the California Administrative Code and now also known as the California Building Code, was in effect at the time of each alteration which, on information and belief, occurred at such public facility since January 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair or addition" was carried out.  On information and belief,

24

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Defendants and/or their predecessors in interest carried out new construction and/or alterations, structural repairs, and/or additions to such buildings and facilities during the period Title 24 has been in effect.  Further, Plaintiff alleges, on information and belief, that construction, alterations, structural repairs, and/or additions which triggered access requirements at all relevant portions of the Prometric Testing Center, also occurred between July 1, 1970, and December 31, 1981, and required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect, pursuant to the incorporated provisions of California Government Code sections 4450 *et seq*.  Further, on information and belief, additions to the building after the initial construction also occurred after January 1, 1972, triggering access requirements per Health and Safety Code section 19959.  Alterations or additions after January 26, 1993 trigger ADA liability and requirements per 42 USC sections 12182 and 12183 of the ADA.

104.   **INJUNCTIVE RELIEF:**  Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendants as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities.  Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second-class citizen and serve to discriminate against her on the sole basis that she is a person with disabilities who requires the use of a wheelchair or other assistive device for movement in public places.

105.   Plaintiff is deterred from returning to use these facilities, because the lack of access will foreseeably cause her further difficulty, discomfort and embarrassment, and Plaintiff is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to and use of these public facilities.  Therefore, Plaintiff cannot return to take her exam at the Prometric Testing Center and its facilities and is deterred from further patronage until these facilities are made properly accessible for disabled persons, including Plaintiff and other mobility disabled persons.  Plaintiff specifically intends to return to take her CPA examinations at the Prometric Testing Center once it is made accessible, including the restroom.

106.   The acts of Defendants have proximately caused and will continue to cause

25

irreparable injury to Plaintiff if not enjoined by this Court.  Plaintiff seeks injunctive relief as to all inaccessible areas of the premises that she has personally encountered, and, as to all areas identified during this litigation by Plaintiff's access consultant, that she or other physically disabled persons may encounter in the future. *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F. 3d 939 (9th Cir. 2011); *Oliver v. Ralphs Grocery* Co., 654 F.3d 903 (9th Cir. 2011).   As to the Defendants that currently owns, operates, and/or leases (from or to) the subject premises, Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices and barriers that deny full and equal access for disabled persons, and for reasonable statutory attorney fees, litigation expenses and costs.

107.    Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by Defendants to grant full and equal access to Plaintiff in the ways complained of and to require Defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons.  Such injunctive relief is provided by California Health & Safety Code section 19953 and California Civil Code section 55, and other law.  Plaintiff further requests that the Court award damages pursuant to Civil Code section 54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Health & Safety Code section 19953, Civil Code sections 54.3 and 55, Code of Civil Procedure section 1021.5 and other law, all as hereinafter prayed for.

108.    **DAMAGES:** As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendants in owning, operating, leasing, constructing, altering, and maintaining the subject facilities, Plaintiff has suffered a violation of her civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal injuries, all to her damages per Civil Code section 54.3, including general and statutory damages, as hereinafter stated.  Defendants' actions and omissions to act constitute discrimination against Plaintiff on the basis that she was and is physically disabled and unable, because of the architectural and other barriers created and/or maintained by the Defendants in violation of the

26

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

subject laws, to use the public facilities on a full and equal basis as other persons. These violations have deterred Plaintiff from returning to attempt to use the Prometric Testing Center and will continue to cause her damages each day these barriers to access continue to be present. Plaintiff to intends to return to the Prometric Testing Center once the premises has been made accessible for her full and equal enjoyment.

109.   **FEES AND COSTS:** As a result of Defendants' acts, omissions, and conduct, Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions of Civil Code sections 54.3 and 55, and California Health & Safety Code section 19953. Additionally, Plaintiff's lawsuit is intended to require that Defendants make their facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

WHEREFORE, Plaintiff requests relief as outlined below.

## PRAYER

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless Plaintiff is granted the relief she requests. Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff Chistina Cole prays for judgment and the following specific relief against Defendants:

1.   An order enjoining Defendants, its agents, officials, employees, and all persons acting in concert with them:

27

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

a. From continuing the unlawful acts, conditions, and practices described in this Complaint;

b. Grant all injunctive relief necessary to bring Defendants into compliance with the ADA and California law, including:

i.  Making a new policy that allows disabled CPA candidates to request testing accommodations in such a way that they can prepare for and take the necessary examination on the same schedule as nondisabled candidates;

ii.  Requiring Defendants to provide a height adjustable desk for Plaintiff to use while taking the exam.

iii.  Ordering Defendants who are the current owner, operator, lessor, and/or lessee of the subject property and premises to modify the above described property, premises, policies and related facilities to provide full and equal access to all persons, including persons with physical disabilities for use of their facility, including restroom facilities; and issue a preliminary and permanent injunction pursuant to ADA section 12188(a) and state law directing Defendants to provide facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, and to maintain such accessible facilities once they are provided; to cease any discriminatory policies, and to train Defendants' employees and agents in how to recognize disabled persons and accommodate their rights and needs.

c. An order retaining jurisdiction of this case until Defendants have fully complied with the orders of this Court, and there is a reasonable assurance that Defendants will continue to comply in the future absent continuing jurisdiction;

2.    An award to Plaintiff of all appropriate damages, including but not limited to statutory damages, general damages in amounts within the jurisdiction of the Court, all according to proof against the Title III defendants;

3.    An award to Plaintiff pursuant to 42 U.S.C. § 12205, 29 U.S.C. § 794a, California

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Civil Code §§ 52 and 54.3, California Code of Civil Procedure § 1021.5, and as otherwise permitted by law, of the costs of this suit and reasonable attorneys' fees and litigation expenses;

4.    An award of prejudgment interest pursuant to Civil Code § 3291;

5.    Interest on monetary awards as permitted by law; and

6.    Grant such other and further relief as this Court may deem just and proper.

Date: July 28, 2026                                    CLEFTON DISABILITY LAW

                                                             /s/ Aaron Clefton
                                                        By AARON CLEFTON, Esq.
                                                        Attorney for Plaintiff
                                                        CHRISTINA COLE

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

Date: July 28, 2026                                    CLEFTON DISABILITY LAW

                                                             /s/ Aaron Clefton
                                                        By AARON CLEFTON, Esq.
                                                        Attorney for Plaintiff
                                                        CHRISTINA COLE

29

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES